UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| INSPIRE UP, LLC | CIVIL ACTION NO. 21-2043 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| BRF HOSPITAL HOLDINGS, LLC D/B/A UNIVERSITY HEALTH SYSTEM | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 11) filed by Defendant BRF Hospital Holdings, LLC, d/b/a University Health System ("University Health"). University Health seeks dismissal of Plaintiff Inspire Up, LLC's ("Inspire Up") complaint on the grounds of prescription. See id. More specifically, University Health argues a three-year liberative prescriptive period applies to this case. See id.; Record Document 14. Inspire Up opposes the motion and maintains that a ten-year liberative prescriptive period controls the instant action. See Record Document 13. For the reasons set forth below, University Heath's Motion to Dismiss is **GRANTED** and Inspire Up's claims are dismissed as prescribed.

**BACKGROUND**[1]

Inspire Up and University Health entered into a Professional Services Management Agreement ("the Agreement") on or about September 15, 2014. See Record Document 1 at ¶ 4; Record Document 1-2 (the Agreement). The Agreement was "a simple fee for professional services agreement based on consulting time delivered."

---

[1] In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2009). Thus, the background section of the instant ruling is drawn exclusively from Inspire Up's complaint and the two documents attached to the complaint, i.e., the Professional Services Management Agreement and the Termination Letter. See Record Documents 1, 1-2, and 1-3.

Record Document 1-2 at 4.  The Consultant had a "flat rate of $875 per day, calculated where the majority of an 8-hour day is devoted to activities related to support of University Health regardless of actual hours worked, to include onsite, remote location or travel hours."  Id.  Pursuant to the Agreement, the "Consultant agree[d] to allocate a minimum of 20 consulting days per month to University Health."  Id.

The Agreement was for a term of September 15, 2014 through September 14, 2017, unless terminated early by either party per the terms outlined in the Agreement.  See Record Document 1 at ¶ 6; Record Document 1-2 at 3.  The Agreement provided the following terms as to termination:

> The agreement may be terminated without cause by either party with six months' notice. . . . If Consultant terminates this agreement with less than six months' notice, Consultant shall only be compensated for the remaining time actually worked. . . . If University Health terminates this agreement with less than six months' notice, University Health shall pay to Consultant a sum equal to consulting services over a six month period.

Record Document 1-2 at 3; see also Record Document 1 at ¶ 7.  University Health terminated the Agreement "effective immediately" on March 27, 2015.  See Record Document 1 at ¶ 8; Record Document 1-3 (Termination Letter).

Inspire Up filed this lawsuit on July 15, 2021.  See Record Document 1.  It alleged University Health breached the Agreement and failed to pay the sum equal to consulting services over a six-month period, which totaled $105,000, following its termination of the Agreement without six months' notice.  See id. at ¶¶ 9-10.  Inspire Up also seeks late fees, attorney fees, and all other relief "due under the premises."  Id. at ¶ 10.

University Health now seeks dismissal of Inspire Up's complaint on the grounds its claims were filed outside the time period, i.e., three years, allowed by the applicable statute of limitation (Louisiana Civil Code Article 3494).  See Record Document 11.  Inspire Up counters that a ten-year liberative prescriptive period governs the instant action

2

(Louisiana Civil Code Article 3499). The Court will now proceed to the merits of the Motion to Dismiss.

## LAW AND ANALYSIS

### I. Rule 12(b)(6) Standard.

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-1965 (2007); see also Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir.2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The Supreme Court expounded on the Twombly standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. See Katrina Canal Breaches Litigation, 495 F.3d at 205.

### II. Prescription Analysis.

The parties do not dispute that Louisiana law provides the prescriptive period in this case. University Health argues "because this claim is, in essence, a claim for the recovery of compensation for services, it is subject to the three (3) year prescriptive period set forth in La. C.C. art. 3494." Record Document 11-1 at 1. Conversely, Inspire Up

maintains "that since the instant claim is for severance payments for early termination of the . . . Agreement, not for wages earned or services rendered, it does not fall under La. C.C. art. 3494 and is not subject to a three-year liberative prescriptive period." Record Document 13 at 1. Instead, Inspire Up contends its claim is subject to a ten-year liberative prescriptive period under La. C.C. art. 3499. See id.

As a general rule, prescription statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished. See Quinn v. Louisiana Citizens Property Ins. Corp., 2012–0152 (La.11/2/12), 118 So.3d 1011. Article 3499 provides that "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." La. C.C. Art. 3499. Article 3494(1) provides that "[a]n action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board" is "subject to a liberative prescription of three years." La. C.C. Art. 3494. This case turns on whether the sum due under the Agreement's termination with less than six months' notice clause falls within the scope of Article 3494.[2]

In support of its position that severance payments are not considered wages or payment for services rendered under Article 3494, Inspire Up relies heavily upon Boudreaux v. Hamilton Medical Group, Inc., 94-0879 (La. 10/17/94), 644 So.2d 619. In Boudreaux, the Louisiana Supreme Court interpreted the meaning of wages in a labor and employment setting under La. R.S. 23:631 and 632 and reasoned:

---

[2] The Agreement provided "if University Health terminates this agreement with less than six months' notice, University Health shall pay to Consultant a sum equal to consulting services over a six month period." Record Document 1-2 at 3.

4

> [W]e find . . . that the "compensation on termination" described in Section thirteen of the employment agreement, if owed, does not constitute "wages" within the meaning and intent of La. R.S. 23:631 and 632.

Id. at 622.  Boudreaux did not involve the interpretation of "wages" within the meaning of Article 3494.  Inspire Up also points to its independent contractor status and the absence of services rendered for payment under the less than six months' notice clause as additional support for its position that Article 3494 is inapplicable.

As stated previously, Inspire Up classifies its claim as one for severance payments and/or payments for early termination of the Agreement.  See Record Document 13 at 1, 3-4.  Other Louisiana courts have addressed severance payments in the context of prescription and have specifically discussed the interplay between Articles 3499 and 3494 in this context.  Likewise, Louisiana courts have also addressed the applicability of Article 3494 to claims brought in the independent contractor setting, as compared to those in an employer-employee relationship.  The Court will now discuss some of these cases, which provide persuasive authority.

In Minor v. Monroe Surgical Hospital, LLC, 49,367 (La. App. 2 Cir. 11/19/14), 154 So.3d 665, the medical director filed suit in July 2013 against the surgical hospital for compensation that remained unpaid.  See id. at 667.  The medical director and the surgical hospital had entered in a professional services agreement.  See id.  The agreement did not establish an employer-employee, principal-agent, or partnership relationship.  See id.  In October 2008, the medical director was informed that he was being given 30 days' notice of termination because the surgical center was discontinuing his position.  See id.  The medical director made a demand for payment of back-due fees in November 2012, but the surgical center responded that there was no basis for such claims.  See id.  In response to the July 2013 lawsuit, the surgical center filed a

5

peremptory exception of prescription and argues that the three-year prescriptive period found in Article 3494 applied to the medical director's claims. It argued such claims were prescribed on the face of the petition. See id. The medical director countered that the ten-year prescriptive period in Article 3499 applied. See id. The trial court denied the exception of prescription. See id. The appellate court reversed, holding:

> Dr. Minor argues that while a general claim for the recovery of compensation of services would often be governed by art. 3494, the agreement with MSH encompasses much more than a claim for salary, wages, commissions, and professional fees. He further argues that the agreement contains multiple provisions which have nothing to do with compensation for services, but which relate to personal obligations between Dr. Minor and MSH.
>
> Dr. Minor's argument is misplaced. His lawsuit was filed to recover compensation for services he provided as medical director. He did not sue to enforce any other obligation of MSH under the agreement, such as the one requiring MSH to provide office space and support staff if necessary.
>
> Dr. Minor further contends that the nature of his responsibilities is difficult to determine from the agreement, and that the agreement encompasses more than compensation for services. The agreement, however, stated that it did not establish an employer-employee, principal-agent or partnership relationship. . . . Dr. Minor offers that the agreement established a hybrid relationship that cannot be governed by art. 3494.
>
> Dr. Minor's argument is not persuasive. . . . The agreement states that it did not establish a partnership. Furthermore, regardless of the denomination given to the relationship between MSH and Dr. Minor as medical director, the agreement obligated MSH to pay a fee to Dr. Minor in return for services he provided to MSH in his capacity as medical director. MSH allegedly failed to fulfill its obligation by paying only part of the compensation to which Dr. Minor was entitled. Dr. Minor sued to enforce that obligation and to recover the unpaid compensation.
>
> When determining the applicable prescriptive period, courts are guided by the well-settled principle that "[t]he character of an action disclosed in the pleadings determines the prescriptive period applicable to that action." When determining the applicable prescriptive period, courts are guided by the well-settled principle that "[t]he character of an action disclosed in the pleadings determines the prescriptive period applicable to that action." Parry v. Administrators of Tulane Educ. Fund, 2002–0382 (La.App. 4th Cir.9/4/02), 828 So.2d 30, writ denied, 2002–2478 (La.12/19/02), 833 So.2d 346, citing Starns v. Emmons, 538 So.2d 275, 277

6

> (La.1989).  Accordingly, Dr. Minor's claim to recover unpaid compensation is subject to the three-year prescriptive period found in La. C.C. art. 3494.
>
> The party raising the exception of prescription ordinarily bears the burden of proof at the trial of the peremptory exception. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992). However, when prescription is evident from the face of the pleadings, the plaintiff bears the burden of showing the action has not prescribed. Id.
>
> Prescription was evident on the face of Dr. Minor's petition. He served as medical director until 2008, and suit was not filed until nearly five years later on July 29, 2013. Dr. Minor did not meet his burden of showing that his claim had not prescribed.

Id. at 669-670; see also Brumberger v. Cvitanovich, 13-801 (La. App. 5 Cir. 4/9/14), 140 So. 3d 118, 121.  Thus, based on the reasoning set forth in Minor, it is clear that Louisiana courts have applied Article 3494 to professional services agreements implementing an independent contractor relationship.

In Assaleh v. Sherwood Forest Country Club, 2007-1939 (La.App. 1 Cir. 5/2/08), 991 So.2d 67, the general manager of the country club sued in May 2007 after the board unilaterally terminated his employment contract.  See id. at 68-69.  The general manager had been terminated in November 2003, but was paid his salary and received health insurance coverage as severance pay for approximately 90 days, i.e., through February 2004.  See id. at 69.  In response to the May 2007 lawsuit, the country club filed a peremptory exception of prescription on the grounds that the general manager's claims were prescribed on their face under the three year prescriptive period set forth in La. C.C. art. 3494.  See id.  The general manager opposed the exception and argued that his claims were subject to a prescriptive period of ten years under La. C.C. art. 3499.  See id. at 70.  The trial court sustained the exception and the appellate court affirmed, holding the general manager's claim for "additional salary" or "additional severance pay" were prescribed under Article 3494.  Id. at 70, 72, 74.  The appellate court further noted:

> [V]irtually all claims for wages arise out of a breach of contract, oral or written. However, La. Civ. Code art. 3494 provides an exception to the ten-year prescriptive period found in Article 3499 for claims based on the recovery of wages.
>
> We also find unpersuasive [the general manager's] argument that his claim for expenses owed him as a consequence of the employment relationship are not governed by the three-year prescriptive period because reimbursement of expenses cannot be considered compensation. The very language of La. Civ.Code art. 3494 provides for a three-year period in which to bring "an action for the recovery of … money…." All of [the general manager's] claims arise from his employment relationship with the club, and we find that all of the claims are subject to the prescriptive period set forth in Article 3494.

Id. at 72.

In Raborn v. Gulf State Pipeline Corporation, et al., 41,974 (La. App. 2 Cir. 4/4/07), 954 So.2d 353, the plaintiff sued his former employer for breach of employment contract. Defendants filed a peremptory exception of prescription and the trial court sustained such exception, finding "the plaintiff's claim for salary, commission, severance and shares of stock all involved recovery of compensation for services and were governed by the three-years prescriptive period of LSA-C.C. art. 3494." Id. at 355. The appellate court affirmed. See id. at 356. Both Assaleh and Raborn establish that Louisiana courts have applied Article 3494 to a claim for severance payments, that is, a claim that is not based on payment for services actually rendered.

There is no dispute that the Agreement at issue in this case was not an employment contract, but rather a professional services agreement engaging Inspire Up as an independent contractor. The Agreement clearly contemplated that consulting services would be rendered for a fee. University Health's termination of the Agreement with less than six months' notice triggered payment equal to professional services for six months even though such services were not rendered. As stated by Inspire Up multiple times in its opposition brief, such payment was severance pay for termination with less

8

than six months' notice.  Based on the rationale set forth in Minor, Assaleh, and Raborn and when reading these cases in harmony, this Court finds that Article 3494 provides the prescriptive period in this case and that Boudreaux, which does not even address Article 3494, is inapplicable.  When reading the persuasive authority together, this Court believes all of Inspire Up's claims arise from/are a consequence of the relationship created by the professional services agreement and all of Inspire Up's claims are subject to the three-year prescriptive period set forth in 3494.  Because Inspire Up did not file the instant suit until 2021, its claims based on University Health's 2015 termination of the Agreement have prescribed.  University Health's Motion to Dismiss is **GRANTED**.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Article 3494 provides a three-year prescriptive period in the instant action.  Inspire Up's claims are prescribed and University Health's Motion to Dismiss is **GRANTED**.

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 28th day of December, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT